UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC COHENS,

        Petitioner,

vs.                        Case No. 3:15-cv-1395-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

**<u>ORDER</u>**

**I.  INTRODUCTION**

Petitioner Eric Cohens initiated this case by filing a Petition for writ of habeas corpus (Doc. 1) on November 13, 2015, pursuant to the mailbox rule. He is proceeding on an Amended Petition (Amended Petition) (Doc. 4) and a Memorandum of Law (Doc. 5). In the Amended Petition, Petitioner raises three claims for habeas relief in challenging a 2012 Putnam County conviction for attempted first degree murder with a firearm. Respondents filed a Response to Order to Show Cause (Response) (Doc. 9) and an Appendix of Exhibits to Response to Order to Show Cause (Appendix) (Doc. 10).[1] Petitioner filed a Reply (Reply) (Doc. 12). <u>See</u> Order (Doc. 8).

---

[1] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

## II. CLAIMS OF PETITION

Petitioner raises three claims: (1) a violation of Brady[2] principles through a discovery violation, resulting in the deprivation of due process and equal protection of the law; (2) the use of prejudicial evidence at trial, resulting in the deprivation of due process and equal protection of the law; and (3) the ineffective assistance of counsel for misadvising Petitioner to reject the state's plea offer and rely on a motion to dismiss to obtain relief.

Respondents urge this Court to dismiss/deny the Petition. Response at 12. The Court will address the grounds raised in the Petition, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court. Petitioner has not met his burden to establish the need for a federal evidentiary hearing. Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011), cert. denied, 565 U.S. 1120 (2012). Of import, a district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). In this case, the pertinent facts are fully developed in the record before the Court. As a result, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004),
and no evidentiary proceedings are required.

### III.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA)
governs a state prisoner's federal petition for habeas corpus. <u>See</u>
28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic &
Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>.
<u>denied</u>, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal
habeas review of state court judgments[.]" <u>Pittman v. Sec'y, Fla.
Dep't of Corr.</u>, 871 F.3d 1231, 1243 (11th Cir. 2017). As such,
AEDPA ensures that federal habeas relief is limited to extreme
malfunctions, and not used as a means to attempt to correct state
court errors. <u>Ledford</u>, 818 F.3d at 642 (quoting <u>Greene v. Fisher</u>,
132 S.Ct. 38, 43 (2011)).

The parameters of review are as follows:

> Thus, under AEDPA, a person in custody
> pursuant to the judgment of a state court
> shall not be granted habeas relief on a claim
> "that was adjudicated on the merits in State
> court proceedings" unless the state court's
> decision was "contrary to, or involved an
> unreasonable application of, clearly
> established Federal law as determined by the
> Supreme Court of the United States; or ... was
> based on an unreasonable determination of the
> facts in light of the evidence presented in
> the State court proceeding." 28 U.S.C. §
> 2254(d). "For § 2254(d), clearly established
> federal law includes only the holdings of the
> Supreme Court—not Supreme Court dicta, nor the
> opinions of this Court." <u>Taylor v. Sec'y, Fla.
> Dep't of Corr.</u>, 760 F.3d 1284, 1293-94 (11th
> Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. Id. at 102, 131 S.Ct. 770.

Pittman, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of

proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[3] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 871 F.3d at 1244 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the

---

[3] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), cert. denied, 2018 WL 491544 (U.S. Jan. 22, 2018), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039, 1053 (11th Cir. 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103.

## IV. PROCEDURAL HISTORY

The Court will provide a brief procedural history. Petitioner was charged by second amended information with attempted first degree murder with a firearm. Ex. A at 81. On January 24, 2012, the trial court conducted a jury trial. Ex. A, Trial Transcript. The jury returned a verdict of guilty. Ex. A at 165. On March 6, 2012, the trial court held a sentencing proceeding. Ex. A, Sentencing Transcript. The court adjudicated Petitioner guilty and sentenced him to a term of thirty years in prison, with a twenty-five year minimum mandatory sentence. <u>Id</u>. at 39. The court entered judgment and sentence on March 8, 2012, nunc pro tunc to March 6, 2012. Ex. A at 237-44.

Petitioner appealed his conviction. <u>Id</u>. at 247. Through a public defender, Petitioner filed an Anders brief.[4] Ex. B. The state submitted a notice that it did not attend to file a brief. Ex. C. Through counsel, Petitioner filed an Initial Brief of Appellant. Ex. D. The state filed an Answer Brief. Ex. E. On March 5, 2013, the Fifth District Court of Appeal (5th DCA) affirmed per curiam. Ex. F. The mandate issued on April 1, 2013. Ex. G. Petitioner sought rehearing. Ex. H. The 5th DCA denied rehearing. Ex. I.

---

[4] <u>Anders v. California</u>, 386 U.S. 738 (1967).

On July 1, 2014, pursuant to the mailbox rule, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel in the 5th DCA. Ex. J. On October 8, 2014, the 5th DCA denied the petition. Ex. K.

On January 9, 2014, pursuant to the mailbox rule, Petitioner filed a Motion for Postconviction Relief. Ex. L. The state filed a response. Ex. M. Petitioner filed an Amended Motion for Postconviction Relief Rule 3.850. Ex. N. The state responded. Ex. O. The trial court denied the amended motion. Ex. P. Petitioner appealed, and counsel filed an Anders brief. Ex. R. The state filed a notice that it would not file a brief. Ex. S. The 5th DCA, on August 11, 2015, per curiam affirmed. Ex. T. The mandate issued on September 4, 2015. Ex. U.

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In his first ground of the Amended Petition, Petitioner claims there was a violation of <u>Brady</u> principles through a discovery violation, resulting in the deprivation of due process and equal protection of the law. Amended Petition at 5. Respondents note that this ground correlates with the first issue of Petitioner's direct appeal. Response at 5. However, Respondents also note that when the discovery violation issue was raised before the 5th DCA, it was presented solely as a matter of state law. <u>Id</u>.

Issue One, as presented on direct appeal, is: "[t]he trial court erred by failing to conduct an adequate <u>Richardson</u> hearing

- 8 -

and finding no discovery violation." Ex. D at ii. Petitioner claimed the trial court committed reversible error by failing to conduct a complete Richardson[5] hearing, and if that particular argument was found to lack merit, he alternatively relied on a claim of an abuse of discretion by the trial court for making a factual finding without conducting a hearing. Id. at 7, 10-11.

In order to exhaust a federal claim, such as a due process claim under Brady, a petitioner is required to fairly present his claim in each appropriate state court.[6] Baldwin v. Reese, 541 U.S. 27, 29 (2004). In this way, a petitioner must give the state an opportunity to rule upon and correct violations of the petitioner's federal rights. Id.

Upon review of Issue One of the appeal brief, no mention is made of Brady, the Due Process Clause or the Equal Protection Clause. Ex. D. See Rimmer, 876 F.3d at 1054 (recognizing Brady principles - principles of due process). Due to the omission of any mention of the federal nature of the claim, Petitioner failed

---

[5] Richardson v. State, 246 So.2d 771, 775 (Fla. 1971) (finding when a discovery violation occurs, the trial court must conduct an adequate inquiry as to whether the violation was willful or inadvertent; was substantial or trivial; and had a prejudicial effect). See Delhall v. State, 95 So.3d 134, 160 (2012) (noting that even if the appellate court finds an abuse of discretion by the trial court, the next step is a harmless error analysis by the reviewing court).

[6] In order to give the state courts one full opportunity to resolve a constitutional issue, a prisoner is required to invoke one complete round of the state's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

to fairly present the federal claim so that the 5th DCA could address it.

Upon review, Petitioner failed to exhaust his federal claim in the state court system and the claim is procedurally defaulted. He has not shown cause and prejudice or a fundamental miscarriage of justice would result if the claim is not addressed on its merits.

Alternatively, the Court finds Petitioner presented to the state courts a purely state law claim, not cognizable in this habeas proceeding. A claim that the trial court failed to conduct a complete <u>Richardson</u> hearing or improperly made a factual finding without a complete hearing warrants no habeas relief.

Indeed,

> To the extent that Petitioner asserts that the trial court erred by failing to conduct a <u>Richardson</u> hearing, the claim lacks merit. Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); <u>Jones v. Goodwin</u>, 982 F.2d 464, 471 (11th Cir. 1993); <u>Krasnow v. Navarro</u>, 909 F.2d 451, 452 (11th Cir. 1990). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Whether the trial court failed to conduct a <u>Richardson</u> hearing is a matter of state law and is not cognizable on federal habeas corpus review.

<u>Cisneros v. McNeil</u>, No. 8:05CV762T27TGW, 2008 WL 1836368, at *5 (M.D. Fla. Apr. 23, 2008).

**B.  Ground Two**

In his second ground for habeas relief, Petitioner alleges the use of prejudicial evidence at trial resulted in a deprivation of due process and equal protection of the law.  Amended Petition at 10.  On direct appeal, Petitioner raised the issue of the trial court's error in admitting hearsay testimony, claiming the testimony improperly bolstered the identification of the firearm.  Ex. D at ii.  Petitioner contended, "Det. Walker's testimony improperly bolstered Shippers['] identification of the gun and constituted prejudicial error necessitating reversal."[7]  <u>Id</u>. at 13.

Respondents not only assert that the claim is unexhausted and procedurally defaulted, they also contend that the claim as presented to the state courts was presented as a matter of state law.  Response at 7.  The record shows that Petitioner did not raise due process and equal protection claim in his appeal brief.  Ex. D.  Thus, he did not fairly present a federal claim to the state courts.

It is a well-accepted axiom that a petition for writ of habeas corpus should not be entertained unless the petitioner has first

---

[7] Julie Walker, despite a hearsay objection, was allowed to testify that Ms. Shippers "said that appeared to be the gun."  Ex. A, Trial Transcript at 289.  After the objection was overruled, the state inquired as to whether Ms. Shippers was able to recognize the gun, and Deputy Walker responded: "[s]he said it appeared to be the one that the suspect had."  <u>Id</u>. at 290.

exhausted his state court remedies. <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" <u>Owen v. Sec'y, Dep't of Corr.</u>, 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting <u>Zeigler v. Crosby</u>, 345 F.3d 1300, 1304 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 558 U.S. 1151 (2010). Here, it is clear that any future attempts at exhaustion would be futile.

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." <u>Martinez v. Ryan</u>, 566 U.S. 1, 10 (2012) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). If cause is established, a petitioner is required to demonstrate prejudice. In order to demonstrate prejudice, a petitioner must show "that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." <u>Owen</u>, 568 F.3d at 908.

More particularly, to demonstrate cause, a petitioner must show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). Rather than pointing to some factor external to the defense, Petitioner asks this Court to overlook his failure to

exhaust this particular ground because he did not recognize there was error of constitutional magnitude and "it would be fruitless to attempt to present [the] issue to state courts now."[8]  Petition at 12.

Upon due consideration, Petitioner has failed to show cause. Also of import, he does not meet the prejudice or manifest injustice exceptions.  Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995), Petitioner has not done so.  The gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).  The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). With respect to this unexhausted ground, Petitioner has failed to

---

[8] Petitioner does not assert a claim of ineffective assistance of appellate counsel as cause for his default.  Even if he had, based on a review of the record, Petitioner could not satisfy the cause and prejudice test of Strickland v. Washington, 466 U.S. 668, 688 (1984).  See Ex. K (5th DCA order denying the petition asserting the ineffective assistance of appellate counsel).

identify any fact warranting the application of the fundamental miscarriage of justice exception.

In conclusion, the Court finds ground two is unexhausted and procedurally defaulted. As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, this ground is due to be denied as procedurally barred.

In the alternative, Respondents contend that Petitioner has simply presented a state law claim, couched in terms of due process and equal protection of the law. Response at 7. In this regard, Respondents argue that there is no basis for federal relief because the question as to whether or not a statement is hearsay is a matter of state law. Response at 7. When something is a matter of state law, it necessarily involves statutory interpretation of a state law by state courts. In this particular instance, the question before the trial court was whether the statements at issue constituted hearsay under Fla. Stat. § 90.801.

Since it is not the province of a this Court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), this Court must refrain from addressing this state law claim. "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir.

- 14 -

1976)).  The federal habeas corpus court will be bound by the
Florida court's interpretation of its own laws unless that
interpretation breaches a federal constitutional mandate. <u>McCoy v.
Newsome</u>, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), <u>cert</u>.
<u>denied</u>, 504 U.S. 944 (1992).  There has been no breach of a federal
constitutional mandate in the instant case; therefore, this Court
is bound by the Florida court's interpretation of its own law on
hearsay.

Finally, Petitioner, in his Reply, seeks a stay and abeyance
to allow him to make a proper exhaustion attempt with respect to
ground two of the Amended Petition.  Reply at 3.  <u>See</u> <u>Rhines v.
Weber</u>, 544 U.S. 269 (2005).  It is clear that "[d]istrict courts do
ordinarily have authority to issue stays, <u>see</u> <u>Landis v. North
American Co.</u>, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936),
where such a stay would be a proper exercise of discretion, <u>see
Clinton v. Jones</u>, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d
945 (1997)."  <u>Rhines</u>, 544 U.S. at 276.  But, the enactment of the
AEDPA has changed the landscape of habeas corpus with its "goal of
streamlining federal habeas proceedings."  <u>Rhines</u>, 544 U.S. at 277.
As a result, "stay and abeyance should be available **only in limited
circumstances**."  <u>Id</u>. (emphasis added).

The limited circumstances are as follows:

> A district court should grant a stay and
> abeyance if (1) the petitioner had "good
> cause" for failing to exhaust the claims in
> state court; (2) the unexhausted claims are
> "potentially meritorious;" and (3) "there is

> no indication that the petitioner engaged in
> intentionally dilatory litigation tactics."
> Id.

Thomspon v. Sec'y for Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005) (per curiam) (citing Rhines, 125 S.Ct. at 1535).

Since Petitioner does not meet the first requirement of good cause for failing to exhaust the claims in state court, he has failed to show that he is entitled to a stay and abeyance under the limited circumstances outlined above. Furthermore, he has not shown that the unexhausted federal claim is potentially meritorious. As noted by Respondents, the highlighted cumulative testimony by Julie Walker was harmless as it was cumulative to properly admitted evidence. Response at 7; Ex. E at 17. The trial record demonstrates that Ms. Shippers had already described and identified the firearm, and Deputy Walker had already testified about Ms. Shippers' description of the gun and their finding it. Thus, the Court finds that stay and abeyance is inappropriate.

### C.  Ground Three

In his third and final ground for habeas relief, Petitioner raises a claim of ineffective assistance of trial counsel for misadvising Petitioner to reject the state's plea offer and rely on a motion to dismiss to obtain relief. Amended Petition at 12. In order to prevail on a Sixth Amendment claim of ineffective assistance of trial counsel, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance

(counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). The Eleventh Circuit, in Reaves v. Sec'y, Fla. Dep't of Corr., 872 F.3d 1137, 1148 (11th Cir. 2017) (quoting Strickland, 466 U.S. at 687), instructed: a counsel's performance is deficient only if counsel's errors are "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Also of importance, with regard to the establishment of prejudice requirement, the Eleventh Circuit stated that the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome. Id. (quoting Strickland, 466 U.S. at 694).

Notably, the trial court, in denying the Rule 3.850 motion, referenced the applicable two-pronged Strickland standard as a preface to addressing Petitioner's claims of ineffective assistance of counsel. Ex. P at 1-2. In order to show a violation of the Sixth Amendment, both parts of the test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.C. 819 (2017). A court need only address one prong, and if it is found unsatisfied, the court need not address the other. Id.

- 17 -

Respondents, in their Response, refer to ground one of the amended Rule 3.850 motion, noting it generally presents the pertinent claim of ineffective assistance of counsel. Response at 8. The trial court succinctly described Petitioner's claim:

> [T]he Defendant claims that Trial Counsel waived his opportunity for a plea offer from the State when he commenced a hearing for a Motion to Dismiss, based on the Information being filed without a sworn statement from a material witness. The Defendant claims that he would not have agreed to commence the hearing, knowing the State would make no offers once the hearing commenced, and that he would have taken an agreed upon plea to a lesser charge, thus receiving less time in DOC. The Defendant contends that Trial Counsel did not properly research the issue raised for dismissal and used inadequate case law.

Ex. P at 2.

In denying this ground, the trial court found the record clearly refutes Petitioner's claim. <u>Id</u>. The court noted that defense counsel relied on the ruling in <u>State v. Weinberg</u>, 780 So.2d 214 (Fla. 5th DCA) to make his case that the detective's swearing under oath was insufficient because he was not a material witness. Ex. P at 2. After hearing argument, the court found <u>Weinberg</u> distinguishable, concluding that Detective Sander became a material witness when he took sworn statements, examined a gun, and looked at the scene. <u>Id</u>. at 3. In coming to this conclusion, the court considered defense counsel's actions within the broad range of reasonably competent counsel under prevailing professional norms. <u>Id</u>. To his credit, the court found counsel's argument in

- 18 -

support of his motion both compelling and competent, but in this instance, the court decided that the detective had done enough to be considered to be a material witness. _Id_.

The record shows the following. Defense counsel filed a motion to dismiss on March 23, 2011, asserting Detective Sanders was not a material witness to the offense since he was an simply an investigator. Ex. A at 15. The court scheduled a last chance plea day, "the last date that the Court will agree to consider negotiated pleas," for August 1, 2011. _Id_. at 41. The proceeding on the motion to dismiss took place on June 24, 2011. _Id_., Motion to Dismiss Transcript. Petitioner was present. _Id_. At the outset of the proceeding, defense counsel announced:

> Your Honor, the State Attorney, Ms. Opsahl, has just indicated to me that if we proceed with this motion to dismiss, that the State would not be prepared or would not make any plea offers whatsoever. My client did not know anything about that until just probably two or three minutes ago.

_Id_. at 4.

After hearing this ultimatum from the state and talking to the filer of the information, Assistant State Attorney Raymond A. David, Jr., defense counsel asked the court for additional time to confer with his client about the decision to pursue the motion. _Id_. at 5, 8. The court granted defense counsel an opportunity to confer with his client. _Id_. at 9. Defense counsel returned after a brief recess, announced that his client was prepared to go forward with the hearing and understood that the state will not

make any plea offers. Id. at 10. After hearing testimony and argument, the court denied the motion. Id. at 40-41.

The Court finds glaring weaknesses in Petitioner's claim of ineffectiveness. Although he alleges that the prosecutor had placed a plea offer on the table, the number of years is blank. Amended Petition at 12. Apparently, there was never a plea offer. In the State's Response to Defendant's Motion for Post-Conviction Relief, it is noted: "[t]here was no plea offer made prior to or at the hearing on a motion to dismiss." Ex. M. As thoroughly discussed, there was certainly not one made after the hearing on the motion to dismiss.

Although Petitioner claims his counsel performed deficiently, the record demonstrates otherwise. Significantly, Petitioner had the benefit of experienced counsel: "[w]hen courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1364 (11th Cir. 2009) (quoting Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)), cert. denied, 562 U.S. 872 (2010). The trial court described defense counsel as "learned on cross-examination[.]" Ex. A, Trial Transcript at 230. Moreover, the judge praised the lawyers: "I appreciate the collegiality, the preparedness, and the high level of professionalism from both of you. It was a very well-tried case." Id. at 655-56.

Of importance, all that is constitutionally required is reasonably effective counsel, not perfect or error-free counsel. "Strickland does not guarantee perfect representation, only a 'reasonably competent attorney.'" Richter, 562 U.S. at 110 (quoting Strickland, 466 U.S. at 687) (internal quotation omitted). Here, defense counsel's representation did not so undermine the proper functioning of the adversarial process that Petitioner was deprived of a fair trial. As such, Petitioner received effective representation.

It is noteworthy that "there is no expectation that competent counsel will be a flawless strategist or tactician[.]" Richter, 562 U.S. at 110. Again, perfection is not the standard. Petitioner has the burden to show that his counsel's representation fell below an objective standard of reasonableness. Petitioner has failed to meet this burden. He has not shown that his attorney's representation was so filled with serious errors that defense counsel was not functioning as counsel guaranteed by the Sixth Amendment, admittedly a high bar that is difficult to reach. Id. at 104 (citation omitted).

In denying this ground of the amended Rule 3.850 motion, the trial court concluded that counsel's performance was not deficient under Strickland, and denied post conviction relief. Ex. P. The 5th DCA affirmed. Ex. T. Its adjudication on the merits is unaccompanied by an explanation. Thus, the Court presumes that the 5th DCA adjudicated the claim on its merits, as there is an absence

of any indication or state-law procedural principles to the contrary. Now it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. If he fails to accomplish this task, he cannot prevail on ground three of the Petition.

Upon review, there is a reasonable basis for the state court to deny relief; therefore, the denial must be given deference. In this instance, deference under AEDPA should be given to the last adjudication on the merits provided by the 5th DCA. Given due consideration, its decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground three is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Amended Petition (Doc. 4) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Amended Petition, **the Court denies a certificate of appealability**.[9]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 12th day of February, 2018.

_Brian J. Davis_
_____
BRIAN J. DAVIS
United States District Judge

sa 2/6
c:
Eric Cohens
Counsel of Record

---

   [9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.